Before the Honorable, the United States District Court for the District of Columbia

In the Civil Matter of

**Dr. Paul Maas Risenhoover, Esq.**
v.                                  Civil Case No._____

**The Honorable Dr. Miguel Angel Cardona, Secretary of Education of these United States**

Case: 1:23−cv−01090 JURY DEMAND
Assigned To : Unassigned
Assign. Date : 4/14/2023
Description: Pro Se Gen. Civ. (F−DECK)

On Civil Complaint for Declaration of Rights, Replevin of Official Academic Transcript, Replevin of Official Academic Student Files, Declaration of Usurious Loan Terms and Conditions, Declaration of Involuntary Servitude by failing to provide Official Academic Transcripts requisite for service in the US Armed Forces, the US Intelligence Community, the US Judicial Branch, or the federal Immigration Courts, as an Interpreter and Translator, usually remunerated 25 cents per word or US$300+ per day, and Declaration that University of Oklahoma policies violate the Civil Rights Act, the constitutional right to contract, and the Eighth and Thirteenth Amendments, and Promissory Notes and Loan documents and terms and conditions are declared null and void, nunc pro tunc, because the Plaintiff is among the Potawatomi and related "Indians not taxed" as a ward of the Nation's general Government, and that such loan terms, conditions, papers, documents, and Notes, are invalid as contrary to public policy and common law, because they serve solely to deny the ability to enjoy such gainful employment as would permit one to live a modest life and enter into appropriate arrangements for proper repayments terms, conditions, and reasonable and right sums due, reducing from same any sums owing for torts by the University, the US Departments of government, and subordinates thereto, wherever locate or situate, as instructed and learned from Joint Chiefs of Staff Directive of United States Military Government FORMOSA 1651: " that at the time of final settlement of reparations the United States Government would assume the position that Japanese assets confiscated by China should be credited against the Chinese Government's reparation claims; and that, therefore, account should be kept of the value of the property so confiscated."
https://history.state.gov/historicaldocuments/frus1946v08/d163 .

Prayer for Relief



**RECEIVED**
APR 14 2023
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

1. Order the US Secretary of Education to Order the Registrar of the University of Oklahoma, founded as a federal land grant college, and situate in Indian Country, in the special and maritime territorial jurisdiction of this Court, to provide twenty official transcripts to the Clerk of this Court, for their authentication, and an additional twenty official transcripts to be sent to Plaintiff by express mail to Taiwan.

2. Order the US Secretary of Education to issue an Order declaring null and void all student loans to Plaintiff, to issue to all claimants of any student loans ratified, countersigned (https://history.state.gov/historicaldocuments/frus1900/d1028 ), indorsed, or vised (https://history.state.gov/historicaldocuments/frus1900/ch108 ), under authority or delegation of the Secretary to any federally insured lending institution, risk bearing investors enjoying any modicum of federal insurance, or claimants of any interests of any kind in any student loan to Plaintiff, regardless of its purported current status(es).

3. Declare that the video presentation given by the University pursuant to Orders, Directives, Instructions, Rules, Regulations, customs or practices adopted by the Secretary or his delegates, is null and void, and fails to explain how the usurious interest rates and fees, fees on fees, and fees on fees on fees accrue, and how the Tax Code permits "buyers" of the Notes or papers, to claim paper losses and avoid tax liabilities through "investments", such that there is no valid ongoing public purpose validly served by the University asserting that its' "Stafford" loans might be deemed remaining somehow overdue, or that terms and conditions imposing lifetime penalties forbidding forever obtaining evidence of the completion of one's entire professional education, with Distinction in Asian Studies at the Bachelor level, and with AmJur in International Human Rights Law in the Juris Doctor matriculated and graduated program. See Appendix One, evidence of graduation.

4. Federal contract law, whether arising under an assumed State's common law, or by precedent, can never vitiate the right of contract, nor impose lifetime penalties, nor deny the necessary papers essential to obtaining any gainful employment whether privately, or with the general Government. The loan terms and conditions and US Education Department encouraged or written, University, rules and regulations, permanently and forever barring and banishing the neurodifferent from the United States, to solely be eligible for employment

abroad, and only without evidence of their due, proper, honorable degree completion and diploma attainments, with high honors and grades of exceptional distinction, in spite of neurodifferent organic challenges, is surely inconsistent with public policy, and thus null and void ab initio.

5. The nation, the economy, the Department, and the University, and its coterie of investors upon re-investors, upon tax deduction claimants, have no valid claim that after thirty years' penalties, Plaintiff should still be denied official transcripts, and re-issue of a Bachelor's diploma which was destroyed by fire in 2006 at 700 Chautauqua Avenue South, Norman, Oklahoma 73069, in Indian Country, in the special maritime and territorial jurisdiction of this Court. Shirakura v Royall, 89 F. Supp. 711, 89 F. Supp. 713.

6. When duty called, Plaintiff duly registered with the Selective Service and began his responsibilities with the unorganized militia pursuant to 10 USC 246(b)(2).

7. When called by the judicial branch in the worldwide renowned matter of the US v Wang Cheng Yong, Plaintiff did not hesitate to discharge his duties to this branch and appeared in then Judge Deborah Batts' hearing room.

8. Declare Plaintiff is constitutionally among the "Indians not taxed", as a ward of the Nation, to whom the general Government owe distinct fiduciary duties.

9. Declare that Plaintiff has paid the equivalent of over US$750,000, or 25 cents per word, for three million words translated to the United States Military Government Formosa, or its delegates, or subordinate entities, in value, in kind.

10. Declare that the monetization value of the Plaintiff's and his spouse, Carol Pei-Hsuan Chen Risenhoover, work, far exceeds Relief No. 9, especially for the English editing and tracking work, and Mandarin to English translations or interpreting, or captions. Declare that Plaintiff and his spouse own said works completely free of any claims or limitations, including free of any terms or conditions of the United States Military Government Formosa, established under the Taiwan Organic Act, later renamed the Taiwan Relations Act, as "TAIWAN".

11. Declare that Plaintiff and his spouse may together monetize said words, including by lease to Google, META, Microsoft, ChatGPT, OpenAI, IBM, Hon Hai, FoxConn, TSMC, and any legal entity or person, including those created or to be created by

Plaintiff and his spouse jointly, and free of any claim arising in the United States from personal, private, credit card or student loan debts, and free of any jurisdiction anywhere seeking any rights in such monetization, or to prosecute any claims for such debts arising anywhere, including on Taiwan.

12. Declare that Plaintiff has the right to consortium with Aaron Reuben Ya-lun Liang Risenhoover, at Tainan, Formosa island, and that the Court shall appoint appropriate TSA or USMS or airport personnel to aid and assist same to fly from Dallas or OKC to Kaohsiung, in the most direct means, and that his employment shall suffer no harm in respect of such annual visits totaling up to 30 days, unless the Court shall also Order the Administrator, Social Security Administration, to permanently waive the 30 day in-state and in-contiguous States requirements for permanently differently abled neurodifferent persons, in the instance of Plaintiff and his minor eldest firstborn son, supra.

13. Declare that the Secretary of State shall Order Taiwan to permit Plaintiff to receive his son at the arrival gate in the Airport in like manner to diplomatic reception, without constructively or otherwise leaving or entering the island or the Airport, whether at Taoyuan or Kaohsiung, or otherwise.

14. Declare that Aaron Risenhoover shall enjoy whatever patent rights of Baomin Liang and Yuping Shi, might continue, or should continue, as trade secrets, at least to half interest therein, if already subject to lawful arrangements, and to the sole interest therein if not otherwise lawfully partly disposed of.

15. Declare that the Secretary of State shall provide this Court, and under seal, to Plaintiff, an explanation of Plaintiff and his minor daughter passport's Special Notation field and the page it references, and what contents might be located thereon.

16. Plaintiff already sued the University of Oklahoma in the Western District therein, and the Court held it lacked jurisdiction to proceed.

17. President Biden, and Commander in Chief of the Navy and Army of the United States, has declared that certain student loan debt obligations are odious ab initio, usurious, against the public interest, and to be waived, nunc pro tunc. This Court may take judicial notice of those findings by the general Government.

18. Plaintiff is only paid, with his spouse, as their manager, a nominal 3 cents per word for translations on Formosa, and sometimes less for editing English. If Plaintiff had been able to obtain his official transcripts, he could apply for the Fulbright ESL Program which pays US$3,000 monthly. Or he could apply for the Professor of Translation position in Kaohsiung which pays over US$2,500 monthly. Or he could establish an American firm to compete for USDOJ, Court, DOD, DOS, and like government work, which pays US$300 per day or US 25 cents per word.

19. Instead Plaintiff has only been able to visit his extended family in the US four times since 2000. One visit included only ten minutes with Aaron, whose maternal grandmother Yuping Shi, had unbeknownst to Plaintiff suffered a stroke, and whose maternal Uncle Shaojie Shi had been imprisoned in China for four years also unbeknownst to Plaintiff. Another visit included only two weeks with Aaron traveling to Texas, Santa Fe, New Mexico, and Colorado. Another visit including only visiting Aaron for a few hours a day for a few days, and inability to fulfill a promise to take him to Harry Potter World at Universal Studios.

20. During twenty years in exile on Formosa, Plaintiff has enjoyed only but rare familial communications. In 2005, when Plaintiff's wife was pregnant, a CIA case officer in Taipei ripped up a email from Maysing (nee Huang) Yang, later Ambassador at Large for Taiwan, proving Plaintiff's status as Adviser to the Tuvalu UN Mission. The PRC Mission to the UN had also confirmed that status directly in NYC as confirmed to Plaintiff by the late Deputy Prime Minister of Tuvalu, Minute Taupo.

21. Plaintiff and his daughter often suffer from respiratory and cardiac or immune difficulties in Tainan, but lack means to obtain better care in the contiguous States, because of the inability to obtain official transcripts from the University of Oklahoma College of Arts and Science, Graduate College, and College of Law certifying work long ago duly completed with honor and distinction.

22. Plaintiff is often unable to articulate, rendering one mute, and thus entitled to that certain liberty accorded by the Great Writ which Plaintiff ensured was denied to the Kiyemba plaintiffs, through Plaintiff's officious intermeddling to procure from Palau an asylum for those Gitmo detainee Uyghurs, now resettled to Australia. The State Department paid Palau US$200,000,000 for resolving Kiyemba, this Court should Order the US to pay Plaintiff a two percent commission thereon, and another two percent for the Biden extension of the

    COFA with Palau for another twenty years hence.

23. Attached are a list of some translations, editing, and captions done by Plaintiff, as a freelancer to Plaintiff's spouse's translation enterprise. The sums do not represent discrete income solely attributable to Plaintiff, as the contract negotiations, communications, discussions, engagements, pre-editing, post-editing, final editing, delivery, payments, follow-up communications are all done by Plaintiff's spouse individually. Nevertheless the documents show the tremendous breadth of Plaintiff's hyperlexia polymath skills, and contributions to the national security, foreign affairs, and public health, of Taiwan and these United States, as the lead SARS daily update translator, handling Nuclear Emergency Contingency and Response translations, and editing the National Defense White Paper.

All pleadings averred true copies, 28 USC 1746(2).

Respectfully submitted,
Your ever Obedient, and most faithful Servant,
/s/ digital signature and ink signature

Dr. Paul Maas Risenhoover, Esq.
Tainan, island of Formosa