UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL MAAS RISENHOOVER, )<br>)<br>  Plaintiffs )<br>)<br>v. )<br>)<br>MIGUEL ANGEL CARDONA, )<br>)<br>  Defendant. ) | Civil Action No. 1:23-cv-01090 (UNA) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"). The court will grant the IFP application, and it will dismiss the complaint without prejudice for the reasons explained below.

Plaintiff, a resident of Taiwan, sues the United States Secretary of Education. The rambling prolix complaint totals 85 pages, and is supported by 360 pages of supplements, ECF Nos. 4–6, all of which were filed without the court's leave. The complaint and it supplements, taken together or separately, are mostly incomprehensible. The allegations are vague, amalgamated, and confused, and the pleading vacillates between myriad unrelated topics, including, but not limited to plaintiff's: pursuit of transcript copies from the University of Oklahoma; demand that all of his student loans should be declared "null and void;" work as a translator for the "United States Military Government Formosa, or its delegates, or subordinate entities;"  interest in "monetize[ing]" certain "words, including by lease to Google, META, Microsoft, ChatGPT, OpenAI, IBM, Hon Hai, FoxConn, TSMC, and any legal entity or person, including those created or to be created by Plaintiff and his spouse jointly;" purported entitlement to a "right to consortium with Aaron Reuben Ya-lun Liang Risenhoover, at Tainan, Formosa island, and that the Court shall appoint appropriate TSA or USMS or airport personnel to aid and assist same to fly from Dallas

or OKC to Kaohsiung;" interest in "receiv[ing] his son at the arrival gate in the Airport in like manner to diplomatic reception;" purported possession of "patent rights" and "trade secrets;" demand for "an explanation of Plaintiff and his minor daughter passport's Special Notation field and the page it references;" and extended family and personal health history.

The complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom*. *Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

The instant complaint falls squarely into this category. Neither the court nor the defendant can reasonably be expected to identify plaintiff's claims, and the complaint also fails to set forth allegations with respect to this court's subject matter jurisdiction over plaintiff's entitlement to relief, if any.

For all of these reasons, the complaint, and this case, are dismissed without prejudice. The pending motion for CM/ECF password, ECF No. 3, is denied as moot. A separate order accompanies this memorandum opinion.

Date: May 1, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge